***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order; therefore, the Full Commission AFFIRMS with minor modifications the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. In October 1995, Plaintiff was incarcerated at McCain Correctional Hospital ("McCain").
2. On or about October 6, 1995, plaintiff was given a tuberculosis (TB) skin test and the results showed that plaintiff tested positive for the TB germ.
3. On October 12, 1995, plaintiff was given a chest x-ray, which showed he was negative for active TB and showed no indications or symptoms of active TB.
4. On or about August 14, 1998, plaintiff filed a tort claim with the Industrial Commission alleging that staff at McCain negligently exposed him to other inmates who were infected with TB.
5. Plaintiff presented no evidence whatsoever that he was exposed to other inmates with TB while incarcerated at McCain.
6. Plaintiff presented no evidence that defendants failed to take reasonable precautions to ensure plaintiff was not exposed to other inmates with TB while housed at McCain.
7. Plaintiff has failed to prove by the greater weight of the evidence that defendant's negligence proximately caused his contraction of the TB germ.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. § 143-291, plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. To establish actionable negligence, plaintiff must show that : "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury."Bolkir, 321 N.C. at 709, 365 S.E.2d at 900.
2. Plaintiff has not proven that any officers, agents or employees of defendant acted in a negligent manner breaching a duty of care to plaintiff so as to proximately causing him any damage. N.C.G.S. §143-291 et seq.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. No costs are taxed to either party.
This the ___ day of July 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER